UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBIRJON BATUROV BOKHODUROVICH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Center; KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; MOISES BECERRA, in his official capacity as Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>　　　　Respondents. | No. 1:26-cv-00006-KES-EPG (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 2 |

　　Before the Court is petitioner Bobirjon Baturov Bokhodurovich's motion for temporary restraining order.[1] Doc. 2. The Court has addressed the legal issues raised by petitioner's motion for temporary restraining order on previous occasions. *See, e.g., R.I. v. Wofford*, No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205 (E.D. Cal. Dec. 31, 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

　　The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *R.I. v. Wofford*,

---

[1] Petitioner filed a notice stating that Department of Homeland Security records incorrectly indicate that his name is Bobirjon Baturov Bokhodurovich, but his true name is Baturov Bobirjon. Doc. 10. Petitioner requests that the Court include both names in this Order, as well as his alien registration number: A 216-904-905. *Id.*

1

No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205 (E.D. Cal. Dec. 31, 2025), and *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), and that would justify denying the motion. Doc. 6. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents did not identify any factual or legal issues in this case that render it distinct from the cases cited in the Court's minute order, and they also did not object to converting the motion or request a hearing. *See* Doc. 11.

As respondents have not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions in *R.I. v. Wofford*, No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205 (E.D. Cal. Dec. 31, 2025), and *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), and for the reasons stated in those prior orders, petitioner's motion for temporary restraining order is converted to a motion for a preliminary injunction and is GRANTED. Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025).

This matter is referred to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

   Dated:   January 8, 2026

_____
UNITED STATES DISTRICT JUDGE