# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBIRJON BATUROV BOKHODUROVICH,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 1:26-cv-00006-KES-EPG-HC<br><br>ORDER DENYING RESPONDENTS' REQUEST FOR EXTENSION OF TIME<br><br>ORDER VACATING JANUARY 9, 2026 ORDER<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>(ECF Nos. 14, 15) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 8, 2026, the Court granted Petitioner's motion for preliminary injunction and ordered Petitioner released. (ECF No. 13.) The matter was referred to the undersigned "for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action." (Id. at 2.) On January 9, 2026, the Court ordered the parties to meet and confer and submit a joint statement regarding case management within seven days. (ECF No. 14.)

On January 14, 2026, Respondents filed the following request:

> Respondents are in receipt of this Court's order to meet and confer and file a joint briefing schedule, but respectfully request a 180-day deadline to comply with that order. The purpose of this lengthy delay is to allow Respondents time to present informed briefing in a rapidly-evolving area of the law, where appeals are currently

pending in the Ninth Circuit that are likely to have precedential effect on current immigration habeas litigation, including this case.

(ECF No. 15.) On January 15, 2026, the Court ordered Petitioner to file a response to Respondents' request and stayed the joint statement deadline. (ECF No. 16.) On January 16, 2026, Petitioner filed an opposition to Respondents' request, which states in pertinent part:

> Petitioner is aware of the pending Ninth Circuit case, *Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir.), which may address distinctions between individuals detained under 8 U.S.C. § 1225 and those detained under 8 U.S.C. § 1226. Specifically, the Ninth Circuit may consider whether individuals apprehended within the United States are entitled to bond hearings or must remain in mandatory detention as applicants for admission. This appeal arises from *Rodriguez Vazquez v. Bostock*, 3:25-cv-05240-TMC (W.D. Wash. 2025).
>
> Petitioner is not aware of any Ninth Circuit case currently addressing whether noncitizens, like Petitioner, are entitled to a pre-deprivation hearing under the U.S. Constitution. The decisions in this Court, *R.I. v. Wofford*, No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205 (E.D. Cal. Dec. 31, 2025) and *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), were not decided on similar grounds as the *Rodriguez Vazquez* litigation. [ECF No. 2]. Accordingly, staying the briefing schedule for 180 days would serve no purpose other than to cause unnecessary delay. Petitioner is willing to submit on the briefs submitted for a final order by this Court in the petition for writ of habeas corpus

(ECF No. 17 at 1–2.)

As Respondents do not identify specific Ninth Circuit appeals that will directly impact the issues raised in the petition filed in this case, the Court finds that a 180-day delay to file a proposed briefing schedule is not warranted.

Accordingly, the Court HEREBY ORDERS that:

1.  Respondents' request for extension of time (ECF No. 15) is DENIED;

2.  The January 9, 2026 order directing the parties to file a joint statement (ECF No. 14) is VACATED;

3.  Within thirty (30) days of the date of service of this order, Respondents SHALL FILE a response to the petition or a statement that they will rest on the briefs previously submitted with respect to the preliminary injunction; and

4.  Within thirty (30) days of the date of service of Respondents' response, Petitioner MAY file a reply.

IT IS SO ORDERED.

Dated:   **January 20, 2026**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE