**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BOBIRJON BATUROV BOKHODUROVICH (A-Number: 216-904-905),

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No. 1:26-cv-00006-KES-EPG (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE

Docs. 1, 21

Petitioner Bobirjon Baturov Bokhodurovich[1] is a former immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally* Doc. 1.

On January 2, 2026, petitioner filed a motion for temporary restraining order. Doc. 2. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered respondents to release petitioner. Doc. 13 at 2. The Court referred the matter to the magistrate judge for further proceedings. *Id.*

On July 27, 2026, the magistrate judge issued findings and recommendations

[1] Petitioner filed a notice stating that Department of Homeland Security records incorrectly indicate that his name is Bobirjon Baturov Bokhodurovich, but his true name is Baturov Bobirjon. Doc. 10. Petitioner requests that the Court include both names in this Order, as well as his A-number: 216-904-905. *Id.*

recommending the Court grant the petition for writ of habeas corpus "for the reasons stated in the order granting preliminary injunction[.]" Doc. 21 at 2. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. Respondents filed a one-sentence objection, relying on the arguments previously made to the Court. Doc. 22.

Consistent with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the file, including respondents' objection, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations issued on July 27, 2026, Doc. 21, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]
4. The Clerk of Court is directed to terminate any remaining motions as moot and to close the case.

IT IS SO ORDERED.

Dated: August 31, 2026

UNITED STATES DISTRICT JUDGE

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.